UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


MICHAEL JONES,

            Petitioner,

vs.                                          Case No. 3:13-cv-470-J-39JBT

SECRETARY, DOC, et al.,

            Respondents.

_____


**ORDER**

**I.  STATUS**

This cause is before the Court on a Petition for Writ of
Habeas Corpus (Petition) (Doc. 1) under 28 U.S.C. § 2254.[1]  The
Petition challenges a 1999 state court (Duval County) conviction
for carjacking (Count 4) and causing bodily injury during the
commission of a felony: carjacking (Count 5).[2]  Id. at 1-2.
Petitioner raises two grounds for habeas relief:  a double jeopardy
claim and a due process claim.  Id. at 9-22.  Upon review, no
evidentiary proceedings are required in this Court.

_____

[1] With respect to the Petition, the Court will reference the
page numbers assigned through the electronic docketing system.

[2] Of import, the trial court set aside and vacated the
conviction and sentence for causing bodily injury during the
commission of a felony.

Respondents filed an Answer to Petition for Writ of Habeas Corpus and Order to Show Cause (Response) (Doc. 25).[3]  They filed Exhibits in support of the Response (Doc. 26, Index to Exhibits to Response to Order to Show Cause).[4]  Petitioner filed a Reply to Respondents' Answer (Doc. 41).  <u>See</u> Order (Doc. 5).

## II.  STANDARD OF REVIEW

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).  "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions."  <u>Harrington v. Richter</u>, 562 U.S. 86, 98 (2011).  The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts.  <u>Id</u>. at 100.

Of significance, there is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to the factual determinations of both trial and

_____

[3] Respondents do not contend that the Petition is untimely.

[4] The Court will refer to the Exhibits (Docs. 27-38) as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced.

appellate courts. See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

### III. PROCEDURAL HISTORY

With regard to this opinion, the following pertinent history transpired. Petitioner was charged by information with multiple criminal offenses. Ex. A at 9-10. Of significance to this case, he was charged with carjacking (unarmed) in Count 4, and causing bodily injury during the commission of a felony (carjacking) in Count 5. Id. The state filed a Notice of Intent to Classify Defendant as an Habitual Felony Offender. Id. at 13. The trial court granted a motion for severance of counts. Id. at 23-26. The trial court conducted a jury trial, and on December 3, 1998, the jury returned a verdict of guilty to carjacking as charged in the information and causing bodily injury during the commission of a felony as charged in the information. Ex. A at 125-26.

On December 8, 1998, Petitioner moved for a new trial. Id. at 127-31. The trial court granted the motion. Id. at 132; Ex. D at 735. The trial court conducted a jury trial, Ex. H; Ex. I, and on July 14, 1999, the jury returned a verdict of guilty to carjacking as charged in the information and causing bodily injury during the commission of a felony. Ex. B at 265-66; Ex. I at 352-53. On July 28, 1999, the court sentenced Petitioner to twenty-five years imprisonment on Count 4, and a concurrent term of fifteen years

imprisonment on Count 5, with both counts to be served as a habitual felony offender.  Ex. B at 348-54.

Petitioner appealed his conviction.  Id. at 359; Ex. N; Ex. O; Ex. P; Ex. Q.  On November 30, 2000, the First District Court of Appeal per curiam affirmed.  Ex. R.  The mandate issued on January 23, 2001.  Ex. V.

Through counsel, Petitioner filed his initial Rule 3.850, Fla. R. Crim. P., Motion for Post-Conviction Relief.  Ex. W at 1-33.  In pertinent part, in ground one of this motion, Petitioner asserted that he received the ineffective assistance of counsel for failure to move for judgment of acquittal on the causing bodily injury during the commission of a felony charge.  Ex. W at 14-16.  The state responded.  Id. at 50-52.  The trial court conducted an evidentiary hearing.  Id. at 105-54.  At the evidentiary hearing, the state conceded error "as the defendant was convicted of a statute as charged of a crime that didn't exist; he was convicted of felony causing bodily injury with the predicate offense of carjacking, which can't happen under the statute, so I will concede that."  Id. at 150.

In the State's Post-Evidentiary Hearing Memorandum, an explanation is provided:

> Initially, the State concedes the Court must set aside the defendant's conviction and sentence for the offense of felony causing bodily injury.  The defendant was convicted of the offense of felony causing bodily injury and sentenced as a habitual offender to a term

> of fifteen years in prison. The State
> concedes the defendant was improperly charged.
> Accordingly, the State concedes the defendant
> is entitled to have his conviction and
> sentence set aside only as to the felony
> causing injury conviction.
>
> Although the defendant is entitled to
> relief as to the felony causing bodily injury
> conviction because he was charged under an
> incorrect provision of the statute, the
> defendant is not entitled to relief on the
> basis his trial counsel was ineffective. . . .

Id. at 57.

Petitioner submitted Supplemental Authority and Argument on Pending Rule 3.850 Fla. R. Crim. P. Motion. Id. at 75-79. He urged the court to conclude that the two charges merged, becoming "essential elements of each other." Id. at 77. As relief, he asked that the conviction with regard to both counts be found to be invalid and the judgments and sentences set aside. Id. In the alternative, he requested that the court set aside the judgment and sentence for carjacking because it merged or was subsumed within the bodily injury charge, as the carjacking offense was the lesser level offense. Id. at 77-78. In sum, he claimed that the court must vacate the lesser of the offenses. Id. at 78.

The state responded that Petitioner's conviction and sentence for felony causing bodily injury was invalid from its imposition. Id. at 80. The state explained its position:

> Regrettably, the State incorrectly charged the
> defendant with violating the second subsection
> of the felony causing bodily injury statute
> instead of the first subsection of the

statute.  The State charged the defendant with
a violation of section 782.051(2) which
prohibited an injury caused during the
commission of felony other than a felony
specifically enumerated in section 782.04(3)
(see attached version of 782.051).  Because
carjacking is an enumerated felony set forth
in section 782.04(3), carjacking could not
have supported a felony causing bodily injury
claim under section 782.051(2).

Ex. W at 81.

The state further explained that the Florida Legislature

intended the causing bodily injury offense to be a distinct

substantive offense.  Id. at 82.  Petitioner responded, in his

Reply to State's Response to Defendant's Supplemental Authority and

Argument on Pending Rule 3.850 Motion, that he is not claiming that

the offenses are not separate, and he insists that he is not making

a Blockburger[5] argument; instead, he claims that the way the

offenses were charged, the state could only sentence Petitioner for

the higher offense because one offense was made an essential

element of the other offense.  Id. at 88.

The trial court granted post conviction relief with respect to

the charge of felony causing bodily injury, finding the state

conceded, through its pleadings, that Petitioner was improperly

charged with that offense.  Id. at 97.  The conviction for felony

causing bodily injury was vacated and set aside.  Id.  The court

---

[5] Blockburger v. United States, 284 U.S. 299, 304 (1932)
(finding the applicable test in order to determine whether there
are two offenses or only one, is whether each provision requires
proof of a fact which the other does not).

denied post conviction relief in all other respects.  <u>Id</u>. at 90-96.
The court rejected Petitioner's merger argument (the two charges
merged and became essential elements of one another).  <u>Id</u>. at 94-
95.  The court found there was simply an error in charging, not
proof.  <u>Id</u>. at 95.  As directed by the court, the clerk re-recorded
the judgment, removing the conviction and sentence for felony
causing bodily injury.  Ex. X.

Petitioner appealed.  Ex. W at 104.  Petitioner raised a
double jeopardy claim, urging the appellate court to find that the
carjacking charge merged with the causing bodily injury charge,
precluding the conviction for carjacking.  Ex. Y at 27-31.  The
state urged the appellate court to find that Petitioner was charged
with a non-existent crime, and the proof was irrelevant.  Ex. Z at
14.  The state further contended that carjacking did not merge with
a non-existent crime.  <u>Id</u>. at 15.  Petitioner, in his reply, states
that all of the elements of the crime were present, and the state
merely referenced the wrong statutory citation with respect to the
bodily injury charge.  Ex. AA at 6-7.  Petitioner argued that there
was only one crime, the taking of the car by force which caused an
injury.  <u>Id</u>. at 7.  On December 18, 2007, the First District Court
of Appeal affirmed per curiam.  Ex. BB.  The mandate issued on
January 3, 2008.  Ex. DD.

Petitioner's counsel filed a second Rule 3.850 motion entitled
Motion for Post-Conviction Relief Newly Discovered Evidence.  Ex.
GG at 1-84.  Petitioner filed a pro se Motion for Postconviction

Relief Newly Discovered Evidence.  <u>Id</u>. at 100-204.  The state
responded to the motions declaring that "[t]he error conceded by
the State of Florida lies not in the nature of the evidence
produced at trial, but rather in its failure to charge the
defendant with having committed a violation of section 782.051(1),
FS, as opposed to section 782.051(2), FS." Ex. HH at 239.  Through
counsel, Petitioner replied.  <u>Id</u>. at 283-93.  The trial court
denied post conviction relief.  <u>Id</u>. at 294-318.  In denying the
double jeopardy claim, the court held:

> Defendant also argues that double
> jeopardy prohibits his conviction for
> Carjacking when the Court vacated his
> conviction for Causing Bodily Injury during
> the Commission of a Felony. "The two offenses
> are found in separate statutory provisions;
> neither offense is an aggravated form of the
> other; and they are clearly not variants of
> the same offense." <u>McKinney v. State</u>, 66
> So.3d 852, 855 (Fla. 2011). A comparison of
> the elements of the crimes demonstrates that
> each offense requires an element of proof that
> the other does not. <u>See Valdes v. State</u>, 3
> So.3d 1067, 1072 (Fla. 2009); <u>R.J.R. v. State</u>,
> No. 1D11-2820, 2012 WL 1216266, at *2 (Fla.
> 1st DCA Apr. 12[,] 2012); <u>Partch v. State</u>, 43
> So.3d 758, 763 (Fla. 1st DCA 2010).
> Consequently, there is no double jeopardy
> violation with the original or amended charges
> and Defendant's conviction for Carjacking is
> proper.

Ex. HH at 296 (footnote omitted).

Petitioner appealed.  <u>Id</u>. at 319.  On October 8, 2012, the
First District Court of Appeal consolidated the cases for briefing.
Ex. KK.  Petitioner's counsel filed an appeal brief.  Ex. LL.  The
state filed a notice that it was not filing an answer brief.  Ex.

MM.  On January 24, 2013, in Case No. 1D12-3807, the First District Court of Appeal affirmed per curiam.  Ex. NN.  The mandate issued on February 11, 2013.  Ex. OO.  Also on January 24, 2013, in Case No. 1D12-4747, the First District Court of Appeal affirmed per curiam.  Ex. PP.  The mandate issued on February 11, 2013.  Ex. QQ.

## IV.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Double Jeopardy Claim

In ground one, the issue presented is:  "Petitioner's conviction and sentence for carjacking was based on an unreasonable application of the facts, and is contrary to clearly established federal law. (Double Jeopardy)"  Petition at 9.  Petitioner urges this Court to find that "[w]here the Petitioner was ultimately acquitted of (Count Five) with carjacking contained as an essential element of that Count, the double jeopardy clause requires that [the] charge of carjacking cannot stand as a matter [of] law."  Id. at 15.  Respondents contend that this ground is without merit. Response at 10-11.  Respondents state that the information was so fundamentally defective, the judgment of conviction for felony causing bodily injury could not stand.  Id. at 11.  Specifically, they point out that carjacking was specifically enumerated in section 782.04(3), and as a result, in could not be used to support a charge of a violation of section 782.051(2), which prohibited an injury caused during the commission of felony other than a felony specifically enumerated in section 782.04(3).

In pertinent part, the information charged:

And for the fourth count of this information, your informant further charges that MICHAEL WAYNE JONES on the 26th day of February, 1998, in the County of Duval and the State of Florida, did unlawfully by force, violence, assault, or putting in fear, take a motor vehicle, the property of Cheryl Ann Douyard, as owner or custodian, from the person or custody of Cheryl Ann Douyard, with the intent to permanently or temporarily deprive Cheryl Ann Douyard of the motor vehicle, contrary to the provisions of Section 812.133(2)(b), Florida Statutes.

And for the fifth count of this information, your informant further charges that MICHAEL WAYNE JONES on the 26th day of February, 1998, in the County of Duval and the State of Florida, while perpetrating or attempting to perpetrate a felony, to-wit: Carjacking, did commit, aid, or abet an act that caused bodily injury to another, to-wit: Cheryl Ann Douyard, contrary to the provisions of Section 782.051(2), Florida Statutes.

Ex. A at 9-10 (paragraph enumeration omitted).

At the close of the case, the court instructed the jury:

As to count one, carjacking, before you can find the defendant guilty of carjacking, the state must prove the following three elements beyond a reasonable doubt: One, the defendant, Michael Wayne Jones, took the motor vehicle from the person or custody of Sharyl [sic] Ann Douyard.

Two, force, violence, assault or putting in fear was used in the course of the taking and, three, the taking was with the intent to temporarily or permanently deprive Sharyl Ann Douyard of her right to the motor vehicle or any benefit from it.

Ex. I at 336-37.

The court provided this instruction for the second count:

- 10 -

> Now as to the second count, that is causing bodily injury, before you can find the defendant guilty of causing bodily injury during the commission of a felony, the state must prove the following two elements beyond a reasonable doubt: One, the defendant, Michael Wayne Jones, perpetrated a carjacking and, two, Michael Wayne Jones committed an act that caused bodily injury to Sharyl Ann Douyard.

Id. at 339-40.  During the charge conference, the court found that carjacking is an essential element of the offense of Felony causing bodily injury, and if the jury did not find a carjacking, he could not be found guilty of Felony causing bodily injury.  Ex. H at 275-76.

In pertinent part, the relevant Felony causing bodily injury statute, § 782.051(2), Fla. Stat., provided:

> (1)  Any person who perpetrates or attempts to perpetrate any felony enumerated in § 782.04(3) and who commits, aids, or abets an act that causes bodily injury to another commits a felony of the first degree, punishable by imprisonment for a term of years not exceeding life, or as provided in § 775.082, § 775.083, or § 775.084, which is an offense ranked in level nine of the sentencing guidelines.  Victim injury points shall be scored under this subsection.

> (2)  Any person who perpetrates or attempts to perpetrate any felony other than a felony enumerated in § 782.04(3) and who commits, aids, or abets an act that causes bodily injury to another commits a felony of the first degree, punishable as provided in § 775.082, § 775.083, or § 775.084, which is an offense ranked in level eight of the sentencing guidelines.  Victim injury points shall be scored under this subsection.

Ex. W at 84.   As the state readily admitted in state post conviction proceedings, Petitioner was improperly charged under 782.051(2) because carjacking is an enumerated felony in 782.04(3).

For context, the Court will look to the history of this statute.   The United States District Court for the Southern District of Florida provided a brief recitation of the history behind the Felony causing bodily injury statute:

> In <u>Amlotte v. State</u>, 456 So.2d 448, 449 (Fla. 1984), the Florida Supreme Court found that attempted felony murder was a common law offense in Florida.   However, the court subsequently receded from its holding in <u>Amlotte</u>.   <u>See</u> <u>State v. Gray</u>, 654 So.2d 552, 552-53 (Fla. 1995).   In response to the Florida Supreme Court's holding in <u>Gray</u>, the Florida Legislature in 1996, enacted section 782.051, <u>Fla. Stat</u>., which created the offense of "Felony causing bodily injury."

<u>Clark v. McNeil</u>, No. 07-21934-Civ-GOLD, 2010 WL 5884059, at *7 (S.D. Fla. Oct. 7, 2010), <u>report and recommendation adopted in part</u>, 2011 WL 767512 (S.D. Fla. Feb. 25, 2011).   Not long after this offense was created it was eliminated, and the offense of attempted felony murder was established and became law on May 24, 1998.   <u>Clark</u>, 2011 WL 767512, at *8.

In the case at bar, a motion to dismiss based on double jeopardy was raised on May 12, 1998, Ex. B at 242-44, and on February 26, 1999, <u>id</u>. at 208-210, and denied on July 12, 1999. <u>Id</u>. at 245; Ex. E at 868-73, 904.   After the state rested, Petitioner's counsel moved for a judgment of acquittal.   Ex. H at 254.   In pertinent part, defense counsel argued:

> And that's why I think the double jeopardy argument comes into play, especially if you look at the proposed jury instructions that the State has for that second count, on count five, which clearly indicates carjacking which clearly I think is a basis for Ms. Brooks' [previous defense counsel] motion and the one that I am adopting.
>
> I would ask the Court to direct a verdict from carjacking to auto theft because, in the light most favorable to the State, that's what's happened and for the other reasons.

Id.

After some discussion, the trial court recognized that the state had pled the offense under the wrong section of the Felony causing bodily injury statute. Id. at 261. The court noted that carjacking was an enumerated offense, and the state admitted that the charge should have been under the first part of the statute, not the second. Id. at 262-63. Nevertheless, the court denied the motion for judgment of acquittal. Id. at 266-67. The court did announce that since the state had mistakenly charged Petitioner under part two of the statute, the punishment would be limited to a felony of the first degree, rather than a life felony authorized by part one of the statute, the section that allowed reliance on the enumerated offenses. Id. at 266. The renewed motion for judgment of acquittal was denied as well. Id. at 272.

The Double Jeopardy Clause "provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.' U.S. Const., Amdt. 5." United States v. Dixon, 509 U.S. 688, 695-96 (1993). The Double Jeopardy Clause protects against a

- 13 -

second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and it protects against multiple punishments for the same offense. Garrett v. United States, 471 U.S. 773, 777-78 (1985); Brown v. Ohio, 432 U.S. 161 (1977).  It is the protection against multiple punishments for the same offense which is at issue in this case.

With regard to a double jeopardy issue, the Florida Supreme Court provides the following analysis:

> The most familiar concept of the term "double jeopardy" is that the Constitution prohibits subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense. The constitutional protection against double jeopardy is found in both article I, section 9, of the Florida Constitution and the Fifth Amendment to the United States Constitution, which contain double jeopardy clauses. Despite this constitutional protection, there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments. See Hayes v. State, 803 So.2d 695, 699 (Fla. 2001) ("As the United States Supreme Court explained in Brown v. Ohio, 432 U.S. at 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), where multiple punishments are imposed at a single trial, 'the role of the constitutional guarantee against double jeopardy is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments arising from a single criminal act.'"); Borges v. State, 415 So.2d 1265, 1267 (Fla. 1982) ("The Double Jeopardy Clause 'presents no substantive limitation on the legislature's power to prescribe multiple punishments,' but rather, 'seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense.'") (quoting

- 14 -

State v. Hegstrom, 401 So.2d 1343, 1345 (Fla.
1981)). As we recognized in Gordon v. State,
780 So.2d 17 (Fla. 2001):

> The prevailing standard for
> determining the constitutionality of
> multiple convictions for offenses
> arising from the same criminal
> transaction is whether the
> Legislature "intended to authorize
> separate punishments for the two
> crimes." M.P. v. State, 682 So.2d
> 79, 81 (Fla. 1996); see State v.
> Anderson, 695 So.2d 309, 311 (Fla.
> 1997) ("Legislative intent is the
> polestar that guides our analysis in
> double jeopardy issues...."). Absent
> a clear statement of legislative
> intent to authorize separate
> punishments for two crimes, courts
> employ the Blockburger test, as
> codified in section 775.021, Florida
> Statutes (1997), to determine
> whether separate offenses exist. See
> Gaber v. State, 684 So.2d 189, 192
> (Fla.1996) ("[A]bsent an explicit
> statement of legislative intent to
> authorize separate punishments for
> two crimes, application of the
> Blockburger 'same-elements' test
> pursuant to section 775.021(4) ...
> is the sole method of determining
> whether multiple punishments are
> double-jeopardy violations.")
> (footnote omitted).

Gordon, 780 So.2d at 19-20 (footnote omitted).

Valdes v. State, 3 So.3d 1067, 1069-70 (Fla. 2009) (footnote

omitted).

In making this determination, the question arises as to

whether these particular offenses are found in separate statutory

provisions; whether one offense is an aggravated form of the other;

and whether they are degree variants of the same offense. McKinney

- 15 -

v. State, 66 So.3d 852, 855 (Fla.), cert. denied, 132 S.Ct. 527 (2011). In the instant case, the trial court concluded that carjacking and Felony causing bodily injury were found in separate statutory provisions, which is certainly the case, one offense was not an aggravated form of the other, which is clear upon review of the law, and that by statute, carjacking is not a degree of Felony causing bodily injury nor is Felony causing bodily injury a degree of carjacking. The trial court's conclusion is supported by the record and a review of the relevant law.

Although the Blockburger same-elements test (inquiring whether each offense contains an element not contained in the other) is a rule of statutory construction barring subsequent punishment or prosecution if the offenses are considered to be the same offense, it is not controlling if there is an apparent indication of contrary legislative intent. Boler v. State, 678 So.2d 319, 321 (Fla. 1996) (citing Albernaz v. United States, 450 U.S. 333, 340 (1981)). Indeed, "legislative intent is the dispositive question" when addressing a double jeopardy issue. Id. (citation omitted). "[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). See Jones v. Thomas, 491 U.S. 376, 381-82 (1989); Ohio v. Johnson, 467 U.S. 493, 499 (1984) ("the sentencing discretion of courts is confined to the limits established by the legislature").

Of import, the offenses at issue are more comparable to a

- 16 -

defendant being punished for both felony murder and the underlying felony. Boler, 678 So.2d 319. A brief historical recitation may prove beneficial to understanding the reason for this comparison:

> Defining commission of a felony causing bodily injury as a separate crime was a legislative reaction to the decision in State v. Gray, 654 So.2d 552 (Fla. 1995) (rejecting the putative common law doctrine of "attempted felony murder"). See Senate Staff Analysis and Economic Impact Statement, C.S./S.B. 2712, at 4-5 (Apr. 10, 1996). An early draft of what became section 782.051 was in fact entitled "attempted felony murder." See H.B.2063, S.B. 2712 (1996 session). The committee substitute for that bill renamed the new statutory offense "felony causing bodily injury." See C.S./S.B. 2712 (1996 session). But there is little doubt the Legislature viewed "felony causing bodily injury" as a sort of replacement for and expansion of attempted felony murder as described in Amlotte v. State, 456 So.2d 448 (Fla. 1984).

> Given this history, we look to how Florida courts treated-in the period between Amlotte and Amlotte's repudiation in Gray-concurrent convictions for attempted felony murder and the underlying felony. Having originally concluded that punishment both for felony murder and for the underlying felony constituted double jeopardy, see State v. Pinder, 375 So.2d 836, 839 (Fla. 1979); see also State v. Hegstrom, 401 So.2d 1343, 1346 (Fla. 1981), the Florida Supreme Court later decided otherwise, overruling Hegstrom and Pinder in Enmund, 476 So.2d at 167-68. Following this lead, courts that considered the question also permitted dual convictions for attempted felony murder and for the underlying felony. See Viera v. State, 532 So.2d 743, 746 (Fla. 3d DCA 1988); George v. State, 509 So.2d 972, 973 (Fla. 5th DCA 1987); McLeod v. State, 477 So.2d 5, 5-6 (Fla. 1st DCA 1985).

> Section 775.021(4), Florida Statutes
> (1997), provides an essential guide to
> legislative intent in this regard. See also
> Blockburger v. United States, 284 U.S. 299, 52
> S.Ct. 180, 76 L.Ed. 306 (1932). In Boler our
> supreme court held that section 775.021(4) did
> not preclude convictions both for felony
> murder and for the underlying felony[.]

Brown v. State, 761 So.2d 1135, 1137 (Fla. 1st DCA 2000) (footnote

omitted), approved by 781 So.2d 1083 (Fla. 2001) (per curiam).  The

court also inquired as to whether the statutory elements of felony

causing bodily injury are subsumed by the offense of attempted

murder, or vice versa.  "Unless one offense subsumes all of the

elements of the other, there is no impediment to separate sentences

for each criminal offense."  Id. at 1138.  The court decided that

"cases do not support a conclusion that either offense . . .

subsumes the elements of the other[.]"  Id.

Although in Brown the First District Court of Appeal certified

the double jeopardy question to be of great public importance, the

Supreme Court of Florida answered the question in the negative,

approving the decision of the First District Court of Appeal in

finding that the convictions and sentences for attempted first-

degree murder with a firearm and for felony causing bodily injury

did not violate the prohibition against double jeopardy relying on

the "reasons expressed in Gordon v. State, 780 So.2d 17 (Fla.

2001)[.]" Brown, 781 So.2d at 1083.

In Gordon v. State, 780 So.2d 17 (Fla. 2001) (per curiam),

receded from in Valdes v. State, 3 So.3d 1067 (Fla. 2009)

(rejecting the "primary evil" test as unworkable, but recognizing that there is no constitutional prohibition against multiple punishments as long as the legislature intended such punishments and the offenses are not degree variants of the same offense), the Florida Supreme Court had a certified question before it asking whether the Double Jeopardy Clause precludes convictions and sentences for the charges of attempted first degree murder; causing bodily injury during a felony; and aggravated battery causing great bodily harm.  The court noted that under the felony causing bodily injury count, the underlying felony was armed robbery, not attempted murder.  It further imparted that the offense of aggravated battery causing great bodily harm punishes the act of seriously injuring another person, and the felony causing bodily injury punishes "the act of injuring someone during the commission of a felony[.]" Gordon, 780 So.2d at 23.  The court allowed the conviction for attempted first degree murder to stand with the felony causing bodily injury count, noting that the charge of felony causing bodily injury does not punish the intent to kill. Id. at 25.  The court found that attempted first degree murder, felony causing bodily injury, and aggravated battery causing great bodily harm constituted separate offenses pursuant to Blockburger, and did not constitute degree variants of the same underlying offense.  Gordon, 780 So.2d at 25.

In Petitioner's case, the trial court considered the offenses to be legally interlocking offenses.  Indeed, the court stated that

- 19 -

if Petitioner had been acquitted of the underlying offense, carjacking, the other charge could not stand.   See Florida v. Cappalo, 932 So.2d 331, 334 (Fla. 2006).   "Such impermissible inconsistent verdicts are 'those in which an acquittal on one count negates a necessary element for conviction on another count.'" Id. (citing Gonzalez v. State, 440 So.2d 514, 515 (Fla. 4th DCA 1983)). See Mahaun v. State, 377 So.2d 1158, 1160-61 (Fla. 1979) (finding where aggravated child abuse was an essential element of felony murder, the defendant could not be sentenced for both crimes but could only be sentenced to the greater of the crimes).

Petitioner relies on the contention that since these are legally interlocking offenses, the trial court's act of vacating the greater offense of Felony causing bodily injury should result in the lesser carjacking charge being vacated as the carjacking offense is subsumed in the Felony causing bodily injury charge due to the manner in which the state filed the information.   Petition at 12.   Additionally, it is claimed that because Felony causing bodily injury with the underlying felony of carjacking includes all of the elements of carjacking as well as an additional element, bodily injury, carjacking is a lesser offense of the Felony causing bodily injury charge and the carjacking conviction should be set aside.   Id. at 15.   See Pizzo v. State, 945 So.2d 1203, 1207 (2006) (finding grand theft a lesser offense of organized fraud and concluding that the grand theft convictions should have been vacated).

Of note, Florida law provides that when double jeopardy precludes convictions for two charges, the greater offense remains.[6] See Odom v. State, 104 So.3d 1238, 1239 (Fla. 5th DCA 2012) (citing Capron v. State, 948 So.2d 954, 961 (Fla. 5th DCA 2007) (stating that when multiple convictions violate double jeopardy, the proper remedy is to vacate the conviction for the lesser offense while affirming the conviction for the greater offense)). Federal law announces the same remedy to protect a defendant from a violation under the Fifth Amendment's Double Jeopardy Clause. See United States v. Griffin, 515 F. App'x 820, 825 (11th Cir. 2013) (per curiam) (finding that the proper remedy for convictions on both greater and lesser included offenses is to vacate the conviction and the sentence of the lesser included offense) (quotations and citation omitted).

To support his contention, Petitioner asserts that once he was "ultimately acquitted of (Count Five) with carjacking contained as an essential element of that Count, the double jeopardy clause

---

[6] Lesser offenses "are always subsumed within the greater[.]" Pizzo v. State, 945 So.2d 1203, 1206 (Fla. 2006) (quoting State v. Florida, 894 So.2d 941, 947 (Fla. 2005) citing State v. McCloud, 577 So.2d 939, 941 (Fla. 1991)). See Tuttle v. State, 137 So.3d 393, 395 (Fla. 2nd DCA 2014) (recognizing that the analysis should rely exclusively on the statutory elements of the crimes, not a comparison of the punishments for the two offenses), review granted, 147 So.3d 527 (Fla. 2014) (unpublished disposition); Mays v. State, No. 2D13-1273, 2015 WL 4965909, at *1 (Fla. 2nd DCA, Aug. 21, 2015) (not yet released for publication) ("Because the elements of the tampering crime are subsumed by the principal-to-perjury crime, the tampering crime is the lesser offense, regardless of which of them carries the greater penalty.").

requires that charge of carjacking cannot stand as a matter of law." Petition at 15. The obvious weakness in this argument is that Petitioner was not acquitted of Count Five, the Felony causing bodily injury count. He was convicted of both carjacking and Felony causing bodily injury.

The trial court addressed Petitioner's contention:

> Defendant claims that the Court's order vacating his conviction for Causing Bodily injury during the Commission of a Felony constituted newly discovered evidence. Specifically, Defendant alleges that when the Court vacated the one conviction, it created a material fact that his conviction on the Carjacking charge was no longer viable. In other words, Defendant alleges that to sustain the Carjacking conviction he had to be convicted of the other charge. In its Order Denying Motion for Postconviction Relief, the Court determined that Defendant's conviction for Carjacking was proper.
>
>> Two separate juries heard the evidence in this case on two separate occasions, with two different judges presiding. Both juries found the defendant guilty of Carjacking <u>and</u> Felony Causing Bodily Injury. Throughout the evidentiary hearing, and indeed throughout all of the voluminous pleadings filed on his Postconviction issue, there is not one scintilla offering and reasonable hypothesis to expect that a third jury, presented with the same evidence . . . , would now be reasonably expected to find the defendant not guilty.
>
> (Ex. E.) The Court ruled knowing that Defendant's conviction for Causing Bodily Injury during the Commission of a Felony was improper. Moreover, defense counsel stated,

> "the error was an error in charging, not an
> error in proof."

Ex. HH at 295 (footnote omitted).

Of foremost significance,

> In a criminal context, subject matter
> jurisdiction is determined by the charge made
> in an indictment or information. State v.
> Vazquez, 450 So.2d 203 (Fla. 1984); Pope v.
> State, 268 So.2d 173 (Fla. 2d DCA 1972). Thus
> a criminal prosecution presupposes the
> existence of a valid charging document and
> such an accusatory pleading in some form is an
> essential requisite of jurisdiction which
> cannot be waived. State v. Anderson, 537 So.2d
> 1373 (Fla.1989); Caves v. State, 303 So.2d 658
> (Fla. 2d DCA 1974).

L.L.H. v. State, 873 So.2d 1252, 1254 (Fla. 5th DCA 2004).

In its order, the trial court found that the Felony causing

bodily injury conviction was invalid from its inception in 1999.

Ex. W at 94.  Carjacking, as an enumerated felony in section

782.04(3), could not support a Felony causing bodily injury claim

under section 782.051(2).  And, although the other subsections of

section 782.051 are accepted as varieties of the offense of Felony

causing bodily injury, see Braham v. State, 766 So.2d 297, 300

(Fla. 2000), the trial court determined that because Petitioner was

improperly charged, he could not be subjected to the greater

punishment for the greater statutory degree of Felony causing

bodily injury pursuant to section 782.05(1).[7]

---

[7] The remaining part of the Felony causing bodily injury
offense, § 782.05(3), Fla. Stat., was entirely inapplicable to
Petitioner's case as it provides:  "[w]hen a person is injured
during the perpetration of or the attempt to perpetrate any felony

In this instance, there was an error in charging, not proof. The trial court determined that the Felony causing bodily injury offense was improperly charged and void from its inception; however, it also found sufficient proof to support the separate carjacking offense.  The information was fundamentally defective in that it could not support a judgment of conviction.[8]  <u>Ford v. State</u>, 802 So.2d 1121, 1130 (Fla. 2001), <u>cert</u>. <u>denied</u>, 535 U.S. 1103 (2002).  The information charged Petitioner with violating section 782.051(2), with the text of the information following the elements of that offense while also relying on the non-qualifying enumerated felony offense of carjacking.  Petitioner could not be legally convicted of such an offense as the allegations did not constitute a crime under section 782.051(2).

Petitioner's assertion that his carjacking conviction is no longer viable due to the conviction for a Felony causing bodily

---

enumerated in § 782.04(3) by a person other than the person engaged in the perpetration of or the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony commits a felony of the second degree . . . ."  Ex. W at 84-85.

[8]  The trial court's finding that "[a] comparison of the elements of the crimes demonstrates that each offense requires an element of proof that the other does not" is incorrect; however, this finding is not dispositive of the issue at bar and does not prevent the Court from giving deference to the state court's ultimate decision that Petitioner was improperly charged with the offense of Felony causing bodily injury and the conviction was invalid from its inception.  Ex. HH at 296.  The offense of Felony causing bodily injury with the underlying offense of carjacking would subsume all of the statutory elements of carjacking. Carjacking does not require an element of proof that Felony causing bodily injury does not require.

injury being declared void does not win the day under these circumstances.[9]   First, Petitioner was not acquitted of Felony causing bodily injury.   The error was in charging, not an error in proof.   As such, the conviction was set aside and vacated due to the charging document being invalid from its inception.   Assuming the offense of Felony causing bodily injury had been properly charged under 782.051(2), with a non-enumerated supporting offense, there would be no viable double jeopardy claim because the Florida legislature intended there be multiple punishments.   The specified felony and the Felony causing bodily injury are not considered to be degree variants of the same offense.   The commission of the

---

[9] Although Petitioner does not explicitly assert that the evidence on the void Felony causing bodily injury count infected his trial on the carjacking count, the Court is of the opinion that the question of prejudice does deserve some brief attention because Petitioner contends that these are legally interlocking offenses, and to some extent he may be claiming prejudice in this regard. Upon consideration of the trial record, the state introduced testimony concerning Petitioner's use of force during the taking of the victim's vehicle to support the charge of carjacking. Ex. H at 128-36, 161. The court properly instructed the jury that one of the elements of carjacking is "force, violence, assault or putting in fear was used in the course of the taking[.]" Ex. I at 337. Therefore, regardless of whether Petitioner faced the additional charge of Felony causing bodily injury, testimony concerning the use of force during the taking of the vehicle would have been introduced to support the carjacking count. As such, Petitioner was not unduly prejudiced by evidence admitted pursuant to the Felony causing bodily injury count since the same evidence necessarily supported the carjacking count. See United States v. Huff, 512 F.2d 66, 70 (5th Cir. 1975) (concluding that the evidence admitted to support a count that was ultimately determined to be void did not prejudice the trial on the remaining count). In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

- 25 -

crime of Felony causing bodily injury punishes the act of causing bodily injury to someone during the commission of a felony, a concern unrelated to the specified felony. <u>Gordon</u>, 780 So.2d at 23.

Contrary to Petitioner's assertion, the Florida Legislature, when it created through its legislation the offense of Felony causing bodily injury, "clearly evinced its intent to create a new and substantive offense which is to be scored and sentenced separately from the [specified felony]." <u>Gordon</u>, 780 So.2d at 22 n.5. When a legislature authorizes multiple punishments under two different statutes, cumulative punishment may be imposed in a single trial. <u>Brown</u>, 761 So.2d at 1136-37. Here, the legislature intended there be separate convictions and sentences for these crimes:

> [S]imply because two criminal statutes may be construed to proscribe the same conduct under the <u>Blockburger</u> test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in <u>Whalen</u> is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear. Here, the . . . Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments.
>
> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same"

> conduct under <u>Blockburger</u>, a court's task of
> statutory construction is at an end and the
> prosecutor may seek and the trial court or
> jury may impose cumulative punishment under
> such statutes in a single trial.

<u>Missouri v. Hunter</u>, 459 U.S. at 368-69 (footnote omitted).

As the United States Supreme Court explained with regard to multiple punishments in a single proceeding,

> "[i]n the context of multiple punishments, the
> purpose of double jeopardy is simply to
> "ensur[e] that the total punishment did not
> exceed that authorized by the legislature."
> <u>Id</u>. (quoting <u>United States v. Halper</u>, 490 U.S.
> 435, 450, 109 S.Ct. 1892, 1903, 104 L.Ed.2d
> 487 (1989)); <u>Missouri v. Hunter</u>, 459 U.S. 359,
> 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)
> ("[T]he Double Jeopardy Clause does no more
> than prevent the sentencing court from
> prescribing greater punishment than the
> legislature intended.").

<u>Stoddard v. Sec'y, Dept. of Corrections</u>, 600 F. App'x 696, 703 (11th Cir. 2015) (per curiam) (footnote omitted), <u>cert</u>. <u>denied</u>, <u>Stoddard v. Jones</u>, No. 14-10198, 2015 WL 3647215 (U.S. Oct. 5, 2015).  <u>See</u> <u>Williams v. Singletary</u>, 78 F.3d 1510, 1512-13 (11th Cir. 1989) (recognizing that when the relevant statutes on their face indicate a clear legislative intent of multiple punishments, the Double Jeopardy Clause does not prohibit the legislature from authorizing multiple punishments or the imposition of multiple punishments upon conviction), <u>cert</u>. <u>denied</u>, 519 U.S. 887 (1996).

Petitioner is not entitled to habeas relief on ground one of the Petition.  Deference under AEDPA should be given to the state court's decisions.  Petitioner raised the issue in his post

- 27 -

conviction motions, the trial court denied relief, and the appellate court affirmed. The state court's adjudication of this claim is not contrary to or an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In the alternative, Respondents contend that there is no longer a double jeopardy issue. Response at 11. At this juncture, the Court concludes that the claim raising a double jeopardy violation is moot. The circuit court granted post conviction relief, vacating the conviction for Felony causing bodily injury. Thus, Petitioner is before this Court on one count: the conviction for carjacking. See Edwards v. Mitchem, No. 2:06-CV-177-WKW, 2008 WL 5114319, at *3-*5 (M.D. Ala. Dec. 4, 2008) (finding the double jeopardy claim moot because the trial court granted post conviction relief by reducing thirty counts of possessing obscene material to one count). In this regard, the Court is also cognizant of the fact that "[t]he Double Jeopardy Clause imposes no prohibition to simultaneous prosecutions." Fleming v. White, No. 1:11-CV-03058-MHH, 2014 WL 721933, at *9 (N.D. Ala. Feb. 21, 2014) (internal quotation marks omitted) (citing Ball v. United States, 470 U.S. 856, 860 n.7 (1985) (quoting Ohio v. Johnson, 467 U.S. 493, 500 (1984)). Instead, it prohibits "successive trials and double punishment." Id. at *9. Petitioner is serving time on one count of carjacking and is not subjected to double punishment.

Therefore, Petitioner is not entitled to habeas relief on his double jeopardy claim.

## B.  Due Process Claim

In his second ground, Petitioner claims: "Petitioner was denied due process of law in his state postconviction proceedings by the Clerk of Court's failure to file his attorney's written closing argument prior to the court's final ruling on his postconviction motion after an evidentiary hearing."  Petition at 18.  Respondents assert that this is a state law claim; therefore, it is without merit.  Response at 12.  They contend this is the case even though Petitioner has couched his claim in terms of denial of due process of law.  Id.

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States.  See Coleman v. Thompson, 501 U.S. 722 (1991). The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights."  Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001).

The Eleventh Circuit has stated that only in cases of federal constitutional error will a federal writ of habeas corpus be available.  See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). Federal habeas relief does not lie for errors of state law; it is

- 29 -

not the province of a federal habeas court to reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)). The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992). There has been no breach of a federal constitutional mandate in the instant case.

Petitioner has presented a state law claim, not a claim of constitutional dimension. Since ground two presents an issue of state law that is not cognizable in this proceeding, this ground cannot provide a basis for federal habeas corpus relief. Therefore, Petitioner is not entitled to relief on ground two.

Upon review, Petitioner is actually claiming a defect in a state collateral proceeding. As noted by Respondents, such a claim is not cognizable on federal habeas review. Response at 13. The Eleventh Circuit has found: "defects in state collateral proceedings do not provide a basis for habeas relief." Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir.) (citations omitted), cert. denied, 558 U.S. 995 (2009). As such, the claim raised in

- 30 -

ground two is not a claim of constitutional dimension.  <u>Alston v.</u> <u>Dep't of Corr., Fla.</u>, 610 F.3d 1318, 1325-26 (11th Cir.) (recognizing that challenges to a collateral proceeding do not undermine the legality of the conviction itself; therefore, habeas relief is inappropriate), <u>cert</u>. <u>denied</u>, 562 U.S. 1113 (2010). Therefore, Petitioner is not entitled to habeas relief on ground two.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for Appointment of Counsel/Request for Federal Evidentiary Hearing (Doc. 48) is **DENIED**.

2. Petitioner's Motion to Expedite the Report and Recommendation (Doc. 47) is **DENIED as moot.**

3. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

4. The **Clerk of the Court** shall enter judgment accordingly and close this case.

5. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.**[10] Because this Court

---

[10] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S.

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

   **DONE AND ORDERED** at Jacksonville, Florida, this 9th day of November, 2015.

_____
BRIAN J. DAVIS
United States District Judge

```
sa 11/5
c:
Michael Jones
Counsel of Record
```

322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.